UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JERRY L. HALL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:06-CV-144 JM |
| vs. | ) |  |
|  | ) |  |
| JOHN R. VanNATTA, | ) |  |
| and CHAD BARR, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Jerry L. Hall, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Hall alleges that he has been denied medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and

2

> decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley,* 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin,* 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters,* 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997).

Mr. Hall alleges that on August 24, 2005, at about 9:00 p.m., he "was feeling really weird". Complaint at 3, docket # 1. In his attached notice of tort claim, he states that he was dizzy and vomiting. He states that he was in pain and suffering from panic attacks. He alleges that he was eventually vomiting blood. He believed that these symptoms were reactions to a large dose of Lithium that he had been prescribed, so he contacted Correctional Officer Ogle who notified Sgt. Oswalt. He was told that medical did not want to see him and that he should get some rest. Mr. Hall persisted in demanding to see medical, but was repeatedly told

to get some rest. The next morning at 5:30 a.m., a nurse saw him and sent him to medical where he was examined. Mr. Hall does not allege, nor do the attached medical records from that morning and the next day, indicate that he was otherwise treated for an overdose. The medical records indicate that a voice mail was left for the psychiatrist. He alleges, and the records indicate that he was seen by the psychiatrist the following day. During that visit he demanded specific medications. When the doctor refused, Mr. Hall swore at him and walked out. Mr. Hall does not allege, and based on this complaint it would not be reasonable to infer that, he was experiencing an emergency medical problem that evening or that he suffered any actual injury as a result of the nine hour delay in being seen by medical. He does not allege, nor would it be reasonable to infer, that his treatment would have been any better or different had be been seen that night rather than the next morning.

"At best, he alleges a disagreement with medical professionals about his needs. This does not state a cognizable Eighth Amendment claim . . .." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). The Eighth Amendment does not require medical success, it merely prohibits wanting harm to come to an inmate. Medications, particularly psychotropic medications, have serious and frequently unpleasant side effects. Though Mr. Hall wanted immediate relief from his symptoms, rest and time are accepted medical treatments. Mr. Hall attempted to demand immediate and specific treatment, but a prisoner "is not entitled to demand specific care." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Even

4

if these medical decisions were wrong, negligent, unreasonable, or medical malpractice, they were not deliberately indifferent which is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Therefore these claims must be dismissed.

Mr. Hall only names two defendants: Superintendent John R. VanNatta and Health Care Director Chad Barr. Both are supervisors who had no direct involvement in his treatment during the days described.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Here, where the complaint does not even state a claim that his constitutional rights have been violated, there is no claim either.

Finally, Mr. Hall alleges that his grievances have not been answered.

> [T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.

*Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Because no response was required, this allegation does not state a claim.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

**SO ORDERED**.

ENTERED: June 9, 2006

                                              s/James T. Moody  
                                              James T. Moody, Judge  
                                              United States District Court